## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF TWIN CITY ELECTRIC, LLC § § § | CIVIL ACTION NO. _____ |
| Plaintiff § | DIVISION _____ SECTION _____ |
| VERSUS § § | |
| § | JUDGE _____ |
| JAMCO VENTURES, LLC, AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA § § § | MAGISTRATE _____ |
| § | |
| Defendants | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Twin City Electric, LLC, ("Twin City") brings this action against Defendants, Jamco Ventures, LLC, and Travelers Casualty and Surety Company of America under the Miller Act, 40 U.S.C. § 3131, *et seq.*, and respectfully states as follows:

### I. PARTIES AND SERVICE

1. Plaintiff, Twin City, is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located at 115 Franklin Drive, West Monroe, Louisiana, 71294. Twin City is engaged in the business of providing electrical services and materials.

2. Made defendants herein are:

   a) JAMCO VENTURES, LLC, (hereinafter referred to as "Contractor"), a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business located at 8200 Hampson Street, Suite 1100, New Orleans, Louisiana 70118; and

1273905.1

b) TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, (hereinafter referred to as "Surety"), a company organized and existing under the laws of the State of Connecticut, with its place of business located at One Tower Square, Hartford, Connecticut 06183.

## II. SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3133 as the matter involves a federal question arising under the laws of the United States.

4. Venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b)(3) because the contract was performed in this district.

## III. BACKGROUND

### The Machine Gun Range

5. Said Contractor is justly and truly indebted unto Twin City in the amount of One Hundred Four Thousand Four Hundred Sixty-two and 00/100 Dollars ($104,462.00) along with, reasonable attorney's fees, all costs of these proceedings, and legal interest for the following:

6. Upon information and belief, on August 2, 2012, Contractor entered into a written contract with the United States of America, acting by and through the U.S. Army Engineering District for a project entitled: FY12 Multipurpose Machine Gun Range, Contract #W9126G-09-D-0096 0004, Fort Polk, Louisiana (the "Machine Gun Range Project").

7. Contractor, together with Surety, provided a payment bond, Policy No. 105821292, for the protection of all persons supplying labor and materials in the prosecution of the work provided in such contract on the Machine Gun Range Project. Such bond was executed in accordance with the

provisions of 40 U.S.C. § 3131.

8. On January 10, 2013, Twin City executed Subcontract No. 511004000913 (the "Machine Gun Range Subcontract") with the Contractor to furnish labor, equipment and material for indoor and outdoor electrical, communication and special systems in prosecution of the work provided for in the principal contract on the Machine Gun Range Project at Fort Polk, Louisiana. The Machine Gun Range Subcontract is attached and incorporated by reference as **Exhibit "A."** Between June 11, 2013 and August 20, 2014, Twin City furnished said labor, equipment and material on a cost-reimbursable basis, and in accordance with the directions given by the Contractor at the job site.

9. Twin City has fully and satisfactorily performed its scope of work under the terms of the Machine Gun Range Subcontract and in compliance with the plans and specifications applicable to Twin City's scope of work for the Machine Gun Range Project.

10. To date, the sum of One Hundred Four Thousand Four Hundred Sixty-two and 00/100 Dollars ($104,462.00) is the unpaid principal balance and is past due and owing to Twin City for the Machine Gun Range Project.

### The Working Dog Project

11. Said Contractor is also justly and truly indebted unto Twin City in the amount of Six Thousand Eight Hundred Seventy-seven and 00/100 Dollars ($6,877.00) along with, reasonable attorney's fees, all costs of these proceedings, and legal interest for the following:

12. Upon information and belief, July 12, 2012, Contractor entered into a written contract with the United States of America, acting by and through the U.S. Army Engineering District for a project entitled: Military Working Dog Facility, Contract #W9126G-09-D-0096 0003, Fort Polk,

Louisiana (the "Working Dog Project").

13. Contractor, together with Surety, provided a payment bond, Policy No. 105796553, for the protection of all persons supplying labor and materials in the prosecution of the work provided in such contract on the Working Dog Project. Such bond was executed in accordance with the provisions of 40 U.S.C. § 3131.

14. On September 28, 2012, Twin City executed Subcontract No. 5110030009413 (the "Working Dog Subcontract") with the Contractor to furnish labor, equipment and material for indoor and outdoor electrical, communication and special systems in prosecution of the work provided for in the principal contract on the Working Dog Project at Fort Polk, Louisiana. The Working Dog Subcontract is attached and incorporated by reference as **Exhibit "B."** Between April 8, 2013 and June 26, 2014, Twin City furnished said labor, equipment and material on a cost-reimbursable basis, and in accordance with the directions given by the Contractor at the job site.

15. Twin City has fully and satisfactorily performed its scope of work under the terms of the Working Dog Subcontract and in compliance with the plans and specifications applicable to Twin City's scope of work for the Working Dog Project.

16. To date, the sum of Six Thousand Eight Hundred Seventy-seven and 00/100 Dollars ($6,877.00) is the unpaid principal balance and is past due and owing to Twin City for the Working Dog Project.

## IV. COUNT ONE - OPEN ACCOUNT

17. Despite amicable demand, Contractor has not paid the balance due on these open accounts.

18. The citation and service of this Complaint shall serve as written demand setting forth

the correct amount owed by Contractor to Twin City under La. R.S. 9:2781(A). Demand is being made on Contractor in the principal amount of Six Thousand Eight Hundred Seventy-seven and 00/100 Dollars ($6,877.00) related to the Working Dog Project, plus One Hundred Four Thousand Four Hundred Sixty-two and 00/100 Dollars ($104,462.00) related to the Machine Gun Range Project, by citation and service of this Complaint in accordance with La. R.S. 9:2781.

19. Contractor is also liable unto Twin City for Twin City's reasonable attorney's fees for bringing this action unless such payment is delivered to Twin City within fifteen (15) days of service of this Complaint under La. R.S. 9:2781 (C).

## V. COUNT TWO - BREACH OF CONTRACT

20. For the reasons previously set forth herein, Contractor failed to make payment to Twin City for Twin City's work on the Machine Gun Range Project and the Working Dog Project, in breach of the respective Subcontracts.

21. Twin City is entitled to recover any and all damages caused by Contractor's breach of contract.

## VI. COUNT THREE -- MILLER ACT CLAIM

### The Machine Gun Range Project

22. Twin City has not been paid in full within ninety (90) days after Twin City performed the last of the labor on the Machine Gun Range Project.

23. The last day Twin City performed any labor on the Machine Gun Range Project was August 20, 2014.

24. Twin City is making a demand on Contractor under 40 U.S.C. § 3133 for the full payment owed to Twin City on the Machine Gun Range Project.

25. Twin City had a direct contractual relationship with Contractor and therefore, in accordance with 40 U.S.C. § 3133(a)(1), it was not required that notice be served upon Contractor within 90 days of the date on which material was last supplied.

26. Additionally, Surety is jointly, severally, justly and legally indebted unto Twin City in the full sum and amount of One Hundred Four Thousand Four Hundred Sixty-two and 00/100 Dollars ($104,462.00) for work performed on the Machine Gun Range Project.

## The Working Dog Project

27. Twin City has not been paid in full within ninety (90) days after Twin City performed the last of the labor on the Working Dog Project.

28. The last day Twin City performed any labor on the Working Dog Project was June 26, 2014.

29. Twin City is making a demand on Contractor under 40 U.S.C.A. § 3133 for the full payment owed to Twin City on the Working Dog Project.

30. Twin City had a direct contractual relationship with Contractor and therefore, in accordance with 40 U.S.C. § 3133(a)(1), it was not required that notice be served upon Contractor within 90 days of the date on which material was last supplied.

31. Additionally, Surety is jointly, severally, justly and legally indebted unto Twin City in the full sum and amount of Six Thousand Eight Hundred Seventy-seven and 00/100 Dollars ($6,877.00) for work performed on the Working Dog Project.

WHEREFORE, the United States of America, on behalf and for the use of Twin City Electric, LLC, requests that a copy of this Complaint be served upon Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido*, and that after all due

proceedings, judgment be rendered in favor of the United States of America, on behalf and for the use of Twin City Electric, LLC, as follows:

    a)    Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido*, for the principal sum of One Hundred Four Thousand Four Hundred Sixty-two and 00/100 Dollars ($104,462.00) for work performed on the Machine Gun Range Project with legal interest on each invoice not timely paid in full from its due date until paid and for attorney's fees in a reasonable amount;

    b)    Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido*, for the principal sum of Six Thousand Eight Hundred Seventy-seven and 00/100 Dollars ($6,877.00) for work performed on the Working Dog Project with legal interest on each invoice not timely paid in full from its due date until paid and for attorney's fees in a reasonable amount

    c)    Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido,* on each count of this Complaint;

    d)    Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido,* for all damages allowed by law;

    e)    Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido*, for all attorneys' fees necessary for prosecuting this action;

    f)    Against Defendants Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido,* for pre- and post-judgment interest

    at the highest rate allowable by law;

g) Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido,* for all costs of court; and

h) Against Defendants, Jamco Ventures, LLC and Travelers Casualty and Surety Company of America, individually and *in solido*, for all such further and additional relief to which it may be entitled.

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029


*/s/ Carroll Devillier, Jr.*
_____
Carroll Devillier Jr.   (#30477)
Danielle L. Borel (#35669)

1273905.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF TWIN CITY ELECTRIC, LLC | § § § § | CIVIL ACTION NO. _____ |
| Plaintiff | § § | DIVISION _____ SECTION _____ |
| VERSUS | § § | |
| JAMCO VENTURES, LLC, AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | § § § § § | JUDGE _____ MAGISTRATE _____ |
| Defendants | | |

## VERIFICATION

STATE OF Louisiana

PARISH OF Ouachita

BEFORE ME, the undersigned authority, a Notary Public, in and for the State and Parish aforesaid, personally came and appeared:

### Martin R. West

who, being duly sworn by me, deposed and said:

I am an authorized representative of Twin City Electric, Inc. I have read the foregoing Plaintiff's Original Complaint and to the best of my knowledge, information and belief, the facts and circumstances as pled in the foregoing are true and correct.

Print: MARTIN R WEST
Date: 6/1/15

10

1273905.1

SWORN TO AND SUBSCRIBED before me, this _1st_ day of _June_, 2015, in _West Monroe_, Louisiana.

_Micki L Hightower_
NOTARY PUBLIC
Printed Name: _Micki L Hightower_
Notary ID: _140809_
My Commission Expires: _with life_

MICKI L. HIGHTOWER
Notary Public ID# 140809
Parish of Ouachita